UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO
-----------------------------------------------------------
THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,

                Plaintiff,

       v.

SPECIAL POLICE FORCE CORP.;
HÉCTOR RIVERA ORTIZ; and
FREDDY DE JESUS,

                Defendants.
-----------------------------------------------------------

**COMPLAINT**

Civil Action File No.

Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor, (the "Secretary") alleges:

## JURISDICTION AND VENUE

1. This action arises under Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, ("Act"), alleging that Defendants Special Police Force Corp., Héctor Rivera Ortiz, and Freddy De Jesus violated Section 6, 7 and 11(c), and 15(a)(2) and (a)(5) of the Act.

2. This Court has subject matter jurisdiction over this action pursuant to Section 17 of the Act and 28 U.S.C. §§ 1331 and 1345.

3. Venue with respect to this action lies within the District of Puerto Rico because a substantial part of the events and/or omissions giving rise to the claims herein occurred in this district.

## PARTIES

4. Defendant Special Police Force Corp. ("Special Police Force") is a corporation duly organized under the laws of the Commonwealth of Puerto Rico, having its principal office

1

and place of business at Urb Luis Munoz Rivera, Calle Acuarela 3-A, Guaynabo, Puerto Rico, 00969, within the jurisdiction and venue of this Court, where it is engaged in the business of providing security services.

5. Defendant Special Police Force has regulated the employment of all persons employed by it and acted directly and indirectly in the corporation's interests in relation to its employees, and is thus an employer of its employees within the meaning of Section 3(d) of the Act.

6. Defendant Héctor Rivera Ortiz ("Rivera") is one of the founders of Defendant Special Police Force and is presently the corporation's President, Treasurer, agent and sole owner.

7. Defendant Rivera was in active control of Defendant Special Police Force and regulated the employment of all persons employed by him, which included the ability to hire and fire employees, supervise and control employee work schedules or conditions of employment, determine the rate and method of payment, and/or maintain employment records. Accordingly, Rivera is a person acting directly or indirectly in the interests of the defendant corporation in relation to the employees, and is thus an employer within the meaning of Section 3(d) of the Act.

8. Defendant Freddy De Jesus ("De Jesus") is a supervisor at Defendant Special Police Force and also the Operations Manager at Defendant Special Police Force.

9. De Jesus was in active control of Defendant Special Police Force and regulated the employment of all persons employed by him, which included the ability to hire and fire employees, supervise and control employee work schedules or conditions of employment, and/or determine employee pay. Accordingly, De Jesus is a person acting directly or indirectly in the

interests of the defendant corporation in relation to the employees, and is thus an employer within the meaning of Section 3(d) of the Act.

10. The business activities of the Defendants, as described herein, are related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

11. Defendants Special Police Force, Rivera, and De Jesus have employed or are employing employees as security guards, including those employees listed in Exhibit A, in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including the employment of employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person, such as firearms and vehicles.

12. The enterprise has an annual gross volume of sales made or business done in an amount not less than $500,000 for the period covered by this Complaint.

13. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

## ALLEGATIONS

14. Defendants provide security guard services to approximately thirty-four client entities across the Commonwealth of Puerto Rico, including supermarkets, villas, condominiums, and commercial businesses.

15. At all relevant times, Defendants employ or employed approximately 150 to 200 employees to serve as armed or unarmed security guards. The armed security guards carry firearms.

16. Defendants required their employees employed as security guards to wear uniforms.

17. Defendants posted their employees at the premises of Defendants' client entities, where the employees provided security services. Defendants assigned these posts to their employees.

18. Defendants set their employees' work schedules and required their employees to sign daily attendance sheets.

19. Defendants possessed vehicles which they used for business purposes, including visiting the various client entity job sites to supervise their employees.

20. Defendants set the rate of pay for their employees.

21. Defendants paid their employees a regular rate of pay which ranged from approximately $7.25 to $8.00 per hour.

22. Notwithstanding the circumstances concerning the relationship between Defendants and their employees who worked as armed or unarmed security guards as set forth above, Defendants misclassified their security guard employees as professional services, which is the equivalent to an independent contractor.

23. In certain workweeks, Defendants made deductions from their employees' pay for uniforms in the approximate amount of $50.00 to $75.00 per uniform, resulting in hourly wages that fell below the required hourly minimum wage or $7.25 in those workweeks.

24. In certain workweeks, Defendants made deductions in the approximate amount of $290.00 from their employees' pay resulting in hourly wages that fell below the required hourly minimum wage or $7.25 in those workweeks. Upon information and belief, the deduction of $290.00 represents an unlawful "security deposit" of one-week's salary.

25. As a result of these deductions, Defendants paid approximately 76 of their former and current employees at rates less than the applicable statutory minimum wage prescribed in Section 6 of the Act.

26. In certain workweeks, employees worked in excess of forty hours. Specifically, employees employed as security guards typically worked between approximately forty to sixty hours in a workweek.

27. For these workweeks, Defendants compensated their employees at their regular rate of pay regardless of the hours worked in excess of forty hours in a workweek.

28. Defendants' practice of paying straight time for hours in excess of forty continued even after they were advised by the Department of Labor's Wage and Hour Division that they needed to pay overtime properly.

29. As a result, Defendants failed to compensate approximately 210 former and current employees for work performed in workweeks longer than forty hours at a rate not less than one and one-half times the regular rate at which they were employed.

30. Defendants were required to make, keep and preserve records of the persons employed by them, including employee addresses, total hours worked each workweek, and total weekly straight-time earnings.

31. Defendants failed to make, keep, and preserve adequate and accurate records, including addresses for their employees, total hours worked each workweek, and total weekly straight-time earnings as required under Section 11 of the Act and as prescribed by the Regulations issued and found at 29 CFR Part 516.

32. Defendants have willfully and repeatedly violated the provisions of the Act as alleged above since at least April 29, 2012.

## FIRST CAUSE OF ACTION

(Violation of Sections 6 and 15(a)(2) of the Act)

33. As set forth in the paragraphs above, through their practices of deducting money for uniforms and for a "security deposit," Defendants have willfully and repeatedly violated and are violating the provisions of Sections 6 and 15(a)(2) of the Act, by paying approximately 76 former and current employees employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at rates less than the applicable statutory minimum rate prescribed in Section 6 of the Act.

34. Accordingly, Defendants are liable for any unpaid minimum wages and an equal amount in liquidated damages under Section 16(c) of the Act, or, in the event liquidated damages are not awarded, unpaid minimum wages and prejudgment interest on said unpaid minimum wages under Section 17 of the Act.

## SECOND CAUSE OF ACTION

(Violation of Section 7 and 15(a)(2) of the Act)

35. Based on the paragraphs above, Defendants have willfully and repeatedly violated Sections 7 and 15(a)(2) of the Act by employing approximately 210 former and current employees for workweeks longer than forty hours without compensating the employees at a rate not less than one and one-half the regular rate at which they were employed.

36. Accordingly, Defendants are liable for unpaid overtime compensation and an equal amount in liquidated damages under Section 16(c) of the Act or, in the event liquidated damages are not awarded, unpaid overtime compensation and prejudgment interest on said unpaid overtime compensation under Section 17 of the Act.

## **THIRD CAUSE OF ACTION**

(Violation of Section 11(c) and 15(a)(5) of the Act)

37. Based on the paragraphs above, Defendants have willfully and repeatedly violated the provisions of Sections 11(c) and 15(a)(5) of the Act, in that Defendants failed to make, keep, and preserve adequate and accurate records, including addresses for their employees, total hours worked each workweek, and total weekly straight-time earnings, as prescribed by the Regulations issued and found at 29 CFR Part 516.

## **RELIEF REQUESTED**

WHEREFORE, cause having been show, Plaintiff prays for judgment against Defendants providing the following relief:

1. For an injunction issued pursuant to Section 17 of the Act permanently restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants from violating Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

2. For an Order pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation found due to Defendants' employees listed on the attached Exhibit A and to any employees presently unknown to Plaintiff for the period covered by this Complaint, and an equal amount as liquidated damages; or

3. In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act permanently restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants from withholding the amount of unpaid minimum wage and overtime compensation found due to Defendants'

employees and prejudgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621; and

    4.        For an Order awarding Plaintiff the costs of this action; and

    5.        For an Order granting such other and further relief as may be necessary and appropriate.

DATED:    April 29, 2015
                New York, NY

                                    s/ M. Patricia Smith
                              M. PATRICIA SMITH
                              Solicitor of Labor

                                    s/ Jeffrey S. Rogoff
                              JEFFREY S. ROGOFF
                              Regional Solicitor

                                    s/ Andrew M. Katz
                              ANDREW M. KATZ (Govt. Atty. No. G01717)
                              Trial Attorney

U.S. Department of Labor                Attorneys for THOMAS E. PEREZ
Office of the Regional Solicitor          Secretary of Labor, Plaintiff
New York, NY 10014
(646) 264-3650
Katz.Andrew@dol.gov
NY-SOL-ECF@dol.gov

**EXHIBIT A**

| Last Name | First Name |
|---|---|
| Acevedo Lopez | Benny |
| Acevedo Ortiz | Carlos |
| Acevedo Rivera | Merquiades |
| Acha Comas | Homar |
| Achaebrahimian Comas | Adam |
| Acosta Alago | Fernando |
| Alequin Sanchez | Pablo |
| Alvarez Jimenez | Alvaro |
| Andino Maldonado | Emmanuel |
| Andino Perez | Nicole |
| Andujar Mendez | Haidelys |
| Aponte | Nestor |
| Arroyo Hernandez | Jose |
| Arroyo Ortiz | Jose |
| Arzuaga Rivera | Daniel |
| Aviles Santiago | Jose |
| Ayala | Angel |
| Ayende Sanchez | Raquel |
| Baez Acevedo | Francisco |
| Berroa de Rosa | Joselin |
| Bravo Reyes | Carlos |
| Cabrera | Angel Luis |
| Cabrera Torres | Michael |
| Calderon Lopez | Angel |
| Calderon Romero | Giovanni |
| Camacho | Pablo |
| Canales | Carlos |
| Canales Rodriguez | Yolanda |
| Cancel Ortiz | Pedro |
| Cancel Rivera | Nelson |
| Cardona Nunez | Luis |
| Casillas Cosme | Luis |
| Castro Santos | Ariel |
| Castro Villanova | Carlos |
| Cesareo Gonzalez | Yolimar |
| Claudio Ramirez | Yesenia |
| Colon Ocasio | Jonathan |

| | |
|---|---|
| Colon Rodriguez | Gladys |
| Concepcion | Edgardo |
| Concepcion | Jose |
| Concepcion Claudio | Lemuel |
| Cordero Negron | Jose |
| Correa Rondon | Gilfred |
| Correa Torres | Maribel |
| Correa Velez | Juan |
| Cotto Maysonet | Lizardo |
| Cotto Vargas | Nitza |
| Cruz Camacho | Raul |
| Cruz Guindin | Marcos |
| Cruz Jurado | Carmen |
| Cruz Melendez | Rongie |
| Cruz Rosario | Ariane |
| Cruz Rosario | Jose |
| Cruz Sierra | Luis |
| De Jesus Brunet | Anthony |
| De Jesus Davila | Marisol |
| De Jesus Figueroa | Jorge |
| De Leon Cruzado | Jan Carlos |
| Diaz | Damaris |
| Diaz | Efrain |
| Diaz | Josephine |
| Diaz Colon | Angel |
| Diaz Otero | Luis |
| Diaz Pena | Jorge Luis |
| Diaz Rivera | Gabriel |
| Diaz, Yeinsix | Marilyn |
| Encarnacion | Jose |
| Escobar | Juan |
| Esquilin Ayala | Carlos |
| Estrada Medina | Edwin |
| Estrada Quinones | William |
| Figueroa | Jackeline |
| Flores Berrios | Jose |
| Fuentes | Javier |
| Gallardo Lopez | Agustin |
| Garcia Guerra | Omar |
| Garcia Ruiz | Ramser |
| Garcia Santos | Emma |
| Gil Peguero | Jose |
| Gonzalez | Jose |

| | |
|---|---|
| Gonzalez Marrero | Ibrahim |
| Gonzalez Martinez | Hector |
| Gonzalez Osiris | Ricardo |
| Gonzalez Rosario | Ferdinand |
| Gonzalez Torres | Carlos |
| Gotay Lopez | Angel |
| Guisti Varella | Pedro |
| Hernandez | Jesus |
| Hernandez | Carlos |
| Hernandez Duprey | Christian |
| Hernandez Rolon | Andres Obed |
| Hidalgo | Adelso |
| Hidalgo Diaz | Evelyn |
| Hidalgo Oyola | Jose |
| Jaime Gonzalez | Jose |
| Jimenez | Jonathan |
| Jimenez Gonzalez | Janzairo |
| Juarbe Rodriguez | Neisha |
| Kuilan Alvarez | Jose |
| Lebron | Samuel |
| Leon Flores | Rey |
| Llanes Tanco | Neftali |
| Lleras Diaz | Juan |
| Lora Correa | Rafael |
| Lugo Ojeda | Edwin |
| Maldonado Cortez | Jose |
| Maldonado Rivera | Felipe |
| Marquez Carrasquillo | Alfredo |
| Marrero Nunez | Carlos |
| Marrero Serrano | Moises |
| Martinez Garcia | Gabriel |
| Martinez Lopez | Jorge |
| Matos Alamo | Marcos |
| Matos Sosa | Gabriel |
| Mejias | Francheska |
| Miranda | Fernando |
| Miranda Acosta | Jorge |
| Miranda Vazquez | Rafael |
| Mojica Garcia | Jose |
| Molina Roses | Joshua |
| Montalvo Maldonado | Mariano |
| Morales Fernandez | Antonil |
| Morales Maldo | Margarita |

| | |
|---|---|
| Morales Vega | Jackeline |
| Morales Vega | Josue |
| Morell Martinez | Jose |
| Morla | Pedro |
| Narvaez Rivera | Luis |
| Nevarez Flores | Jose |
| Oliveras | Luis |
| Oliveras Garcia | Jose |
| Oliveras Mercado | Jose |
| Ortiz Class | Victor |
| Ortiz Cruz | Gloriana |
| Ortiz Flores | Luis |
| Ortiz Moreta | Jose |
| Ortiz Reyes | Almerida |
| Ortiz Reyes | Sixto |
| Ortiz Villanueva | Francisco |
| Osorio Perez | Kaitlyn |
| Osorio Rojas | Luis |
| Oyoa Vazquez | Leyda |
| Oyola | Luis |
| Pabon | Francisco |
| Pagan Cruz | Joshua |
| Pagan Hernandez | Iris |
| Pardo Acosta | Alex |
| Perez | Nelson |
| Perez Perez | Roberto |
| Perez Rivera | Jose |
| Quiles Sepulveda | Alberto |
| Ramos Amador | Teresita |
| Ramos Correa | Dalier |
| Ramos Del Valle | Xavier |
| Ramos Ramirez | Orlando |
| Reyes Fontanez | Jaime |
| Rivera | Angel |
| Rivera | Zorimar |
| Rivera | Dennis |
| Rivera Alicea | Jonathan |
| Rivera Aquino | Jose |
| Rivera Diaz | Tomasito |
| Rivera Falu | Ernesto |
| Rivera Fuentes | Tahiri |
| Rivera Mojica | Jorge |
| Rivera Rodriguez | Miguel |

| | |
|---|---|
| Rivero Centeno | Carlos |
| Rodriguez | Angel |
| Rodriguez | Jose |
| Rodriguez | Ruth |
| Rodriguez | Jean Carlos |
| Rodriguez | Jorge |
| Rodriguez Castro | Lydia |
| Rodriguez Colon | Leslie |
| Rodriguez Diaz | Raul |
| Rodriguez Guzman | Lee |
| Rodriguez Perez | Jose |
| Rodriguez Reyes | Ivan |
| Rodriguez Rivera | Wilfredo |
| Rodriguez Soto | Felix |
| Rodriguez Valentin | Jose |
| Romero | Luis |
| Rosa | Erick |
| Rosado Batista | Carmen |
| Rosado Callejas | Luis |
| Rosario Rivera | Jose |
| Rouse Colon | Alfredo |
| Ruiz Maisonet | Blanco |
| Ruiz Mendez | Carlos |
| Saavedra | Jose |
| Salinas Rivera | Edwin |
| Sanchez Colon | Hector |
| Santiago Gonzalez | Roberto |
| Santiago Osorio | Miriam |
| Santiago Rivera | Bryan |
| Santos Cintron | Felix |
| Santos Ortiz | Miguel |
| Serrano | Alexander |
| Serrano Del Valle | Yolanda |
| Serrano Reyes | Edwin |
| Sierra Cruz | Luis |
| Sierra Vazquez | Juan |
| Soto Padilla | Jose |
| Toledo Mcklin | Marie |
| Torres Caraballo | Yang Lee |
| Torres Morales | David |
| Trinidad Ramos | Damara |
| Valentin Cruz | Miguel |
| Vazquez Santos | Idelfonso |

| Vazquez Torres | Betsy |
| --- | --- |
| Vega | Rodolfo |
| Vega Jorge | Jorge |
| Vega Olivera | Hector |
| Velazquez | Iris |
| Velazquez Gonzalez | Rebeca |
| Velez | Giovany |
| Viera Burgos | Christian |
| Villalba Rivera | Jorge |
| Villanueva | Rauvic |