IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPT. OF LABOR,

Plaintiff,

v.

SPECIAL POLICE FORCE CORP., et al.,

Defendants.

CIVIL NO. 15-1506 (GAG)

**OPINION AND ORDER**

Secretary of Labor, U.S. Department of Labor, R. Alexander Acosta[1] ("Plaintiff") sued Defendants Special Police Force Corp. ("SPF"), Héctor Rivera Ortiz ("Rivera"), and Freddy De Jesus ("De Jesus") (collectively "Defendants"), under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA" or "Act"), alleging minimum wage, overtime, and record keeping violations under the FLSA. (Docket No. 1 ¶¶ 33-37). Rivera and De Jesus subsequently filed separate, but nearly identical, motions to dismiss for failure to state a claim,[2] arguing that they are not employers under the FLSA and that the causes of action against them

---

[1] Per FED. R. CIV. P. 25(d), Secretary of Labor R. Alexander Acosta is automatically substituted as a party in this case.

[2] Neither Rivera nor De Jesus specify the Rule of Civil Procedure under which they file their motions to dismiss. The Court takes both to be filed under Rule 12(b)(6). This, however, creates another problem; Rivera and De Jesus's motions (and Plaintiff's oppositions) reference matters outside the pleadings. "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d); Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008) ("At the discretion of the district court, a motion to dismiss may be converted to a motion for summary judgment if the court chooses to consider materials outside the pleadings in making its ruling."). The Court, in its discretion, chooses not consider matters outside the pleadings. Rivera and De Jesus's motions to dismiss will remain motions to dismiss and the Court makes its ruling based solely on the pleadings.

**Civil No. 15-1506 (GAG)**

should be dismissed. (Docket Nos. 69; 102). Plaintiff responded in opposition to both motions. (Docket Nos. 76; 111).

After reviewing the parties' submissions and pertinent law, the Court **DENIES** Rivera's motion to dismiss at Docket No. 69 and De Jesus's motion to dismiss at Docket No. 102.

**I.     Relevant Factual Background**

In his complaint, Plaintiff alleges the following facts, which the Court accepts as true for the purpose of resolving both motions to dismiss:

Rivera was a co-founder of SPF, a company that provided security guard services to various entities in Puerto Rico, including condominums and commercial businesses. (Docket No. 1 ¶¶ 6, 14). SPF's gross annual volume of business was not less than $500,000. Id. ¶ 12.

Plaintiff alleges that Defendants "willfully and repeatedly" violated the FLSA in a number of ways. Id. ¶¶ 33, 35, 37. Plaintiff claims that at various times, Defendants made deductions from their employees' pay for uniforms, causing the employees' rate of pay to fall below minimum wage. Id. ¶ 23. On certain workweeks, Defendants deducted approximately $290 from their employees' wages for a "security deposit" of sorts, a deduction that resulted a pay rate below minimum wage. Id. ¶ 24. At certain times, Defendants' employees were compensated at their regular rate of pay notwithstanding the fact that they worked more than forty hours in one week. Id. ¶ 27. Plaintiff further alleges that Defendants failed to make and preserve accurate employee records. Id. ¶ 31.

During the relevant time period, Rivera and De Jesus dictated employee's schedules, required employees to sign attendance sheets, assigned employees to certain posts, and set employee's rates of pay. Id. ¶¶ 17-18, 20. Rivera was SPF's president, treasurer, agent, and sole owner. Id. ¶ 6. Rivera was in active control of SPF, with the power to "hire and fire employees,

supervise and control employee work schedules or conditions of employment, determine the rate and method of payment, and/or maintain employment records." Id. ¶ 7. De Jesus was a supervisor at SPF, in active control of SPF with "the ability to hire and fire employees, supervise and control employee work schedules or conditions of employment, and/or determine employee pay." Id. ¶¶ 8-9. Based on their level of control, Plaintiff contends that Rivera and De Jesus are employers within the meaning of the FLSA. Id. ¶¶ 7, 9.

**II.     Standard of Review**

Rule 12(b)(6) provides that a defendant may move to dismiss an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This requires determining whether the complaint alleges enough facts to "raise a right to relief above the speculative level." Id. at 555. The court accepts all well-pleaded facts and draws all reasonable inferences in plaintiff's favor. Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

The First Circuit has cautioned against equating plausibility with an analysis of the likely success on the merits, affirming that the plausibility standard assumes "pleaded facts to be true and read in a plaintiff's favor." Sepulveda-Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 30 (1st Cir. 2010). Instead, "[t]he make-or-break standard . . . is that the combined allegations, taken as

**Civil No. 15-1506 (GAG)**

true, must state a plausible, not a merely conceivable, case for relief." Id. at 29; see also Soto-Torres v. Fraticelli, 654 F.3d 153, 159 (1st Cir. 2011).

### III. Discussion

In their motions to dismiss, Rivera and De Jesus challenge their personal liability as employers, arguing that because they were not personally involved in interstate commerce, and because they did not individually generate more than $500,000 in gross annual volume, they are not employers within the meaning of the FLSA.[3] (Docket Nos. 69 ¶ 6; 102 ¶ 6). Plaintiff counters that he is not required to plead or prove that Rivera or De Jesus were personally involved in interstate commerce or that either, individually, generated $500,000 in gross annual volume. (Docket Nos. 76 at 5; 111 at 6). Instead, Plaintiff posits that Rivera's ownership interest in SPF, his degree of control over its finances, and his role in causing SPF to compensate (or not compensate) the employees, places Rivera in the category of employer under the FLSA. (Docket No. 76 at 5-7). Similarly, Plaintiff argues that De Jesus's degree of control over SPF's finances and operations, as well as his role in causing SPF to compensate (or not compensate) the employees places De Jesus in the category of employer under the FLSA. (Docket No. 111 at 4-5).

The term "employer" under the FLSA is broadly defined. See Falk v. Brennan, 414 U.S. 190, 195 (1973) (noting "the expansiveness of the Act's definition of 'employer'"). "Under the FLSA, an 'employer' is 'any person acting directly or indirectly in the interest of an employer in relation to an employee.'" Chao v. Hotel Oasis, Inc., 493 F.3d 26, 33 (1st Cir. 2007) (quoting 29 U.S.C. § 203(d)).

---

[3] Rivera also argues that the statute of limitations bars findings from the period of June 16, 2012 to April 28, 2013. (Docket No. 69 ¶¶ 9-12). Given that the complaint was filed on April 29, 2015, the two-year statute of limitations would indeed bar claims for those dates. Plaintiff, however, only seeks damages for the period from April 29, 2013 to December 1, 2014 (Docket No. 76 at 7 n.4), so the statute of limitations does not impact Plaintiff's claim.

**Civil No. 15-1506 (GAG)**

When considering whether an individual is an employer within the meaning of the FLSA, "[t]he First Circuit has followed the Supreme Court's lead in interpreting this definition pursuant to an 'economic reality' analysis." Chao, 493 F.3d at 33-34 (quoting Donovan v. Agnew, 712 F.2d 1509, 1510 (1st Cir. 1983)). This means reviewing the liability of "corporate officers with a significant ownership interest who had operational control of significant aspects of the corporation's day to day functions, including compensation of employees, and who personally made decisions to continue operations despite financial adversity during the period of nonpayment." Donovan, 712 F.2d at 1514.

"'The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.'" Chao, 493 F.3d at 33 (quoting Donovan, 712 F.2d at 1511). The First Circuit has identified a number of factors to consider when making a determination regarding whether an individual may be held personally liable, including "the individual's ownership interest [in the corporation], degree of control over the corporation's financial affairs and compensation practices, and role in 'caus[ing] the corporation to compensate (or not to compensate) employees in accordance with the FLSA.'" Id. (quoting Baystate Alternative Staffing, Inc. v. Herman, 163 F.3d 668, 678 (1st Cir. 1998)). The overarching question is whether "'the [individual was] personal[ly] responsib[le] for making decisions about the conduct of the business that contributed to the violations of the Act.'" Id. If the answer is yes, "[t]he FLSA contemplates, at least in certain circumstances, holding officers with such personal responsibility for statutory compliance jointly and severally liable along with the corporation." Id.

In this case, Plaintiff has alleged that Rivera is the sole owner, treasurer, and president of SPF. (Docket No. 1 ¶ 6). Rivera was in active control of SPF, with hiring and firing power and

**Civil No. 15-1506 (GAG)**

control over employee's schedules and pay. Id. ¶¶ 7, 17-18, 20. De Jesus was a supervisor at SPF, in active control of SPF with similar with hiring and firing power and control over employee's schedules and pay. Id. ¶¶ 8-9, 17-18, 20.

Plaintiff has alleged sufficient facts indicating Rivera's "ownership interest [in SPF], degree of control over [SPF's] financial affairs and compensation practices, and role in 'caus[ing] [SPF] to compensate (or not to compensate) employees in accordance with the FLSA,'" to state a plausible claim for relief. Chao, 493 F.3d at 34 (quoting Baystate 163 F.3d at 678). Similarly, Plaintiff has alleged sufficient facts indicating De Jesus's "degree of control over [SPF's] financial affairs and compensation practices, and role in 'caus[ing] [SPF] to compensate (or not to compensate) employees in accordance with the FLSA,'" to state a plausible claim for relief. Id.

**IV.   Conclusion**

For the reasons stated above, Rivera's motion to dismiss at Docket No. 69 and De Jesus's motion to dismiss at Docket No. 102 are **DENIED.**

**SO ORDERED.**

In San Juan, Puerto Rico this 15th day of December, 2017.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge