## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

THOMAS E. PEREZ )
U.S. Secretary of Labor )
 )
 Plaintiff, )
 )
 v. ) CIVIL NO.: 15-1506
SPECIAL POLICE FORCE CORP., )
HECTOR RIVERA ORTIZ AND )
FREDDY DE JESUS )
 )
 Defendants )
_____)

## DEFENDANTE HECTOR RIVERA'S PROPOSED FINDINGS OF FACTS AND

## CONCLUSIONS OF LAW FOR COURT CONSIDERATION

**COMES NOW Co-Defendant Hector Rivera Ortiz** through undersigned counsel and respectfully ALLEGES AND PRAYS:

INTRODUCTION:

1. Non-Jury Trial for the above-mentioned case was held on February 13, 14, 15 and March 1st of 2019.

2. Court ordered Plaintiff and Defendants to file proposed findings of fact and conclusions of law for the Court's consideration, pursuant to the evidence submitted during the trial to be filed by March 18, 2019.  (Docket # 166.)

## PROCEDURAL FACTS

3. Plaintiff is alleging that the three Defendants of the case breached section 6,7,11(c) 15(a) (2) and 15(a)(5) pf the Fair Labor Standards Act of 1938, as amended (29 U.S.C. secc. 201, et seq) and that they are liable for unpaid minimum wage and overtime

1

compensation.

4.      Furthermore, an Injunction is requested against the three Defendants of the case under the section 17 of the FLSA.

5.      On February 20, 2018, the Court granted the Secretary's motion for summary judgment as to the minimum wage and overtime claims against Defendant SPF (Dkt. Entry 126).[1] The Court further awarded liquidated damages and enjoined Defendant SPF from future violations of the FLSA.

6.      The Court denied the Secretary's motion for summary judgment against Defendant Rivera Ortiz (Docket # 126).  The issues that remain at trial are as follows: (1) whether Defendant Rivera Ortiz was an employer pursuant to section 3(d) of the FLSA during the period covered by the Complaint and is liable for the payment of back wages and liquidated damages and subject to an injunction against future violations of the FLSA; (2) whether Defendant De Jesus was an employer pursuant to section 3(d) of the FLSA during the period covered by the Complaint and is liable for the payment of back wages and liquidated damages and subject to an injunction against future violations of the FLSA; and (3) whether Defendants violated the record keeping provisions of section 11(c) of the FLSA.

7.       At the end of Plaintiff's case in chief, co-Defendants Rivera and De Jesús, argued for dismissal under Fed. R. Civ. P. 52(c).  Court denied Rivera's petition for dismissal

---

[1] The Court ordered the parties to submit revised calculations of back wages by May 7, 2018 (Dkt. Entries 126, 131).

but granted De Jesús petition for dismissal.  (Dockets No. 162 and 163).

DEFENDANT RIVERA'S PROPOSED FINDINGS OF FACTS

8.     Defendant, Hector Rivera Ortiz merely signed on January 7, 2009 the incorporation documents of the Co-Defendant, Special Police Force Corp., from which no legal liability arises.  (SPFC Certificate of Incorporation, page 1, Paragraph "Fifth"; Plaintiff's Exhibit 4.)

9.     Defendant Rivera appear in the above-mentioned Certificate of Incorporation as SPFC Resident Agent.  ("Second" article of SPFC Certificate of Incorporation, Plaintiff's Exhibit 4.)

10.    It is undeniable that the appearing Co-Defendant Rivera Ortiz was just an incorporator of the Co-Defendant, Special Police Force Corp. Under the incorporation documents, the "…faculties of the incorporators will end upon the foiling of the certificate of incorporation …". See Plaintiff's Exhibit 4 page 1, clause sixth of the Certificate of Incorporation filed in January 7, 2009.

11.    RIVERA and Jonathan Andujar acted as incorporating agents at the time the corporation was registered at Puerto Rico's Department of State.

12.    RIVERA was deemed President of the board of the corporation SPFC based on being a majority investor but was not an officer of the corporation nor performed any duties for Special Police.

13.    The Chief Executive Officer in charge of the operations of the corporation was detective Eric D. Resto Rivera (Detective License No. 2950) in compliance with Puerto Rico's Private Detective Statute.

14.     RIVERA became the sole shareholder in 2012 but Detective Eric Resto was, at the time of the alleged facts, Chief Executive Officer of the Corporation.

15.     Codefendant RIVERA did not have any "active control of SPFC; nor "employed" any person by himself; neither "regulated" their employment; therefore, he did not exercise any "ability to hire and fire employees, nor supervise and control employee work schedules or conditions of employment, nor determine the rate and method of payment, neither maintained any employment records."

16.     Defendant Rivera simply acted as a President and shareholder of the corporation.  The person duly in charge and responsible for the aforesaid "active control of SPFC" was Eric D. Resto Rivera, SPFC Chief Executive Officer.

17.     RIVERA did not provide any security guard services nor perform any "unified operation or common control for common business purpose" with co-defendant SPFC.

18.     SPFC is a corporation created with the purpose to operate as a security agency for which, at the time of the alleged facts, had a license to operate as such in accordance to the Law of Private Detectives of Puerto Rico (Ley de Detectives Privados en Puerto Rico) 25 LPRA Sec 27.

19.     There is no physical evidence that states that Defendant Rivera played any role or had any power to hire or fire employees.

20.     None of the witnesses that testified in court or who's deposition was

admitted as exhibits testified that Defendant Hector Rivera hired or fired them.

21.    None of the witnesses that testified in court or who's deposition was admitted as evidence testified that they had seen Defendant Hector Rivera hire or fire anybody.

22.    The task of hiring employees was handled by Jonathan Andujar and Eric Resto.

23.    Hector Rivera was the only Shareholder of SPFC.

24.    Jonathan Andujar testified that the person in charge of stablishing wage and hours of employees was Detective Eric Resto.

25.    When Eric Resto past away, SPFC did not hire any other employees.

26.    SPFC had to cease operations since it no longer had a license to operate a security agency in compliance with the laws of Puerto Rico.

27.    The person that supervised and controlled employee work schedules or conditions of employment was Detective Eric Resto who was helped by Jonathan Andujar.

28.    Andujar and Post Supervisors would gather the attendance sheets at the post and then take them to the office where payroll was made by accountant Torres Longo.

29.    Defendant Hector Rivera was the corporation's sole shareholder but did not supervised employees in any way or form.

30.    Even though Defendant Hector Rivera had the title of president of the corporation, it was a decorative title, he did not perform any duties for the

corporation other than sign checks and install security cameras.

31    Defendant Hector Rivera did o determined the rate and method of payment.

32.   Eric Resto determined the rate and method of payment.  Jonathan Andujar supervised and handle payroll duties.

33.   Defendant Hector Rivera was hardly at SPFC offices, that is one of the reasons a stamp of his signature had to be made to sign payroll checks.

34.   Rivera's signature stamp was located at the office of SPFC and was used by the accountant to sign payroll and other checks.

35.   Accountant Jose Torres was the person who would tally the hours worked by security guards and make the payroll checks.

36.   Employment records were kept by Special Police at the administrative office whose chief executive was Detective Resto along with his assistant Jonathan Andujar.

37.   Defendant Hector Rivera did not keep or maintained employees' records.

38.   Defendant Hector Rivera did not have any personal responsibility for the decision that lead to the conduct which violated the FLSA.

39.   Defendant Hector Rivera did not hire not stablish payment or payment method for SPFC employees.

40.   Defendant Rivera did not review the payroll after it was processed. (Accountant José Torres Deposition, Plaintiff's Exhibit 19, page 17, lines 16

through 18.

41    Defendant Hector Rivera did not have control significant aspects of the corporation's day to day operations, including the compensation of employees.

42.    Defendant Hector Rivera did not exercise any authority over employees and did not supervise employees.

43.    The daily operations were handled by Mr. Resto until he died and then by Mr. Jonathan Andujar and then Freddy de Jesus. See Exhibit 56-17, (Jonathan Andujar deposition) page 15. paragraph 3 to 10 and page 17, paragraph 1 to 10 and Exhibit 56-16 (Jose Torres Longo deposition), page 20, paragraph 5 to 23 of the plaintiff's submittals.

44.    Defendant Rivera did not require anybody to wear uniforms on his behalf.

45.    RIVERA did not set no-one work schedule nor did require no-one to sign attendance sheets.

46.    Defendant Rivera did not withhold any payment of minimum wages or overtime compensation from anybody.

47.    Jonathan Andujar ran corporation's day to day operations after Eric Resto past away.

48.    Jonathan Andujar did not report to anybody after detective Resto past away.

49.    Jonathan Andujar would give instructions to Defendant Rivera on

what to do for the corporation after Detective Resto Past away.

50.     Jonathan Andujar did not want any responsibilities if the corporation had any trouble with the way they were paying wages to employees and asked Eric Resto to take his name out of the corporation papers at the Department of State.

51.     Jonathan Andujar prepared a draft and asked Hector Rivera to sign letter to clients announcing that SPFC would cease operations.

52.     Jonathan Andujar communicated to Defendant Rivera that it they had to ceased operations due to the fact that SPFC no longer had a valid license to operate a security agency in Puerto Rico.

53.     Jonathan Andujar testified that he did not sign the letter informing clients that SPFC would cease operations because it was Defendant Rivera's name that was on the company proposals.

54.     Hector Rivera was the one who opened a checking account for the corporation and his signature was the only one authorized to sign checks from that account.

55.     Jonathan Andujar would be the one to negotiate with prospective clients and the negotiations would be handled between him and Resto.

56.     Defendant Rivera did not discipline any employees, discipline would be handled by Jonathan Andujar and Eric Resto.

57.     Payroll charts, tables and payroll related documents were prepared by Eric Resto.

58.    At the time pertinent to the complaint, Defendant Hector Rivera was employed by Puerto Rico Power Authority where he worked as an electrician.

59.    Defendant Hector Rivera did not have any background in the security agency business or the administration of any business.

60.    Hector Rivera invested the money for SPFC but the business knowledge and day to day operations were handled by Eric Resto along with his assistant Jonathan Andujar and post supervisors.

### DEFENDANT RIVERA'S PROPOSED CONCLUSIONS OF LAW

A.    Article 1.01 of Puerto Rico's "General Law of Corporations of 1985" establishes that an incorporator is merely a person of legal capacity or a legal entity that incorporates or organize a corporation by means of presenting an Certificate of Incorporation that complies with Article 1.03 of the same law that is subject to public scrutiny.

B.    Article 3.02 of Puerto Rico's "General Law of Corporations of 1985" establishes that as a requirement to establish a corporation in Puerto Rico, the entity must have a Resident Agent who is domicile is in the Island or the local corporation's principal place of business.  This article was amended by "General Law of Corporations" of 2009, (2009 LPR164; approved on December16, 2009.) which adds that the Corporation's Resident Agent must be available during working hours to receive any summons or citations pertinent to the corporation.

C.    Section 203(d) of the FLSA defines as an employer "any person acting directly or indirectly in the interest of an employer in relation to an employee," which means that

corporate officers and supervisors are potentially liable for wage and hour violations. Personal liability under the FLSA is evaluated on a multi-part test:

      a)   Whether the individual has a significant ownership interest in the corporation,

      b)  whether the individual had a personal responsibility for the decision that lead to the conduct which violated the FLSA,

      c)  whether the individual supervised and controlled employee work schedules and conditions of employment;

      d)  whether the individual maintained employment records; and

      e)  whether the individual had control of significant aspects of the corporation's day-to-day operations, including the compensation of employees.[2]

D.     When evaluating individual defendants, it is not the title of the individual that matters.  It is the role the individual plays on behalf of the employer in relation to the employee that matters in determining liability as an employer.

E.     The key to individual liability lies in whether the individual exerted sufficient control over relevant aspects of the employer's employment policies or practices.  The Supreme Court has held that "managerial responsibilities" and "substantial control of the terms and conditions" of the employees' work create employer status.  Falk v. Brennan, 414 U. S. at 195 (1973).

F.     When determining whether an individual is an "employer" for purposes of the

---

2 Chao v. Hotel Oasis, Inc., 493 F. 3d 26 (1st Cir. 2007).

FLSA, an "overarching concern is whether the alleged employer possessed the power to control the workers in question."  Herman v. RSR Sec. Services Ltd., 172 F 3d 132 at 139, (2d Cir. 1999).

G.    An individual does not have to have exclusive control of a corporation's day to day functions to be classified as an employer.  It is enough that the party have "operational control of significant aspects of the corporation's day to day functions."  Donovan v. Agnew, 712 F.2d 1509 at 1514.

H.    Stock ownership in corporate employer not the sine qua non of employer status where other forms of control of employment relationship have been proven.  Donovan v. Sabine Irrigation Co., 695 F. 2d 190, 195 (5th Cir.), cert. denied, 463 U.S. 1207 (1983).

I.    To be an employer, an individual must actually exercise some type of control. Ownership alone is neither a necessary nor a sufficient condition to establish that an individual is an "employer" under the FLSA.  Copanititla v. Fiskardo Estiatorio, Inc., F. Supp. 2d, 2011 WL 2127808 (S.D.N.Y. May 27, 2011), citing Alvarez Perez v. Stanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1160-62 (11th Cir. 2008) and Patel v. Wargo, 803 F. 2d 632, 637-38 (11th Cir. 1986).

J.    "The First Circuit considers the "economic reality of the totality of the circumstances…." Baystate Alternative Staffing, Inc. v. Herman, 163 F. 3d 668, 675 (1st Cir. 1998) (citation omitted).  To make a determination, the Court will consider four factors, namely whether the purported employer: "(1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records."  Id.

Herman, 172 F. 3d at 139.  (Opinion and Order, Case at hand (3:15-cv-01506-GAG, Docket No. 126, page 12 on lines 11 to 17.)

K.     The state failed to prove that Defendant Rivera had the power to hire and fire employees, in fact there is no evidence that he even applied any discipline measures towards employees.

L.     Plaintiff failed to prove that Defendant Rivera was an employer within the Fair Labor Standard Act.

M.     There is no evidence to support that Defendant Rivera had a significant role in the day to day operations of SPFC.

N.     There is no evidence to support that Defendant Rivera had operational control of significant aspects of the corporations' day to day functions.

O.     There is no evidence to support that Defendant Hector Rivera had power to control security guards or any other SPFC employees.

P.     Considering the "economic reality" of the totality of the circumstances, there is no evidence to support that Defendant Hector Rivera is liable as an individual for the violations of the FLSA as claimed in the complaint.

**CERTIFICATE OF SERVICE:** I hereby certify and exact copy of this statement is been sent to the attorney for Plaintiff, Mrs. Susan Jacobs at her electronic address at Jacobs.susan@dol.gov.

**RESPECTFULLY SUBMITTED** this March 18, 2019, in San Juan, Puerto Rico.

/s/BENJAMIN GUZMAN, ESQ.
USDCPR-301714
1007 Muñoz Rivera Suite 200
San Juan, Puerto Rico 00925-2717
Tel (787) 347-7682
benjamingzmn.bg@gmail.com